**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SHENZHEN JISU TECHNOLOGY CO., LTD., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE ENTITIES AND INDIVIDUALS IDENTIFIED IN ) <br> ANNEX A, ) <br> ) <br> Defendants. ) <br> ) <br> ) | Case No. 24-cv-02948 <br><br> Honorable Judge Jorge L. Alonso <br><br> Magistrate Judge Maria Valdez |

**DEFENDANT HONGHAO'S EMERGENCY MOTION TO VACATE TEMPORARY
RESTRAINING ORDER AND TO INCREASE REQUIRED BOND; AND
OPPOSITION TO PLAINTIFF JISU'S MOTION FOR A PRELIMINARY INJUNCTION**

Defendant Shenzhen Honghao Ruixin Technology Co., Ltd. ("Honghao") moves the Court, on an emergency basis, to vacate the *ex parte* temporary restraining order ("TRO") issued against Honghao on April 18, 2024, and to increase the amount of bond Plaintiff must pay. It also opposes Plaintiff's motion for a preliminary injunction on the same grounds as its motion to vacate.

**I.  INTRODUCTION**

This lawsuit concerns the claim by Shenzhen Jisu Technology Co., Ltd. ("Jisu" or "Plaintiff") that Honghao has infringed U.S. Pat. No. D886,982, a design patent on foldable fans, a claim that lacks merits because it is clear that Honghao does not infringe the asserted patent. Further, the asserted patent is blatantly invalid as others have publicly disclosed the claimed design before its earliest possible priority date. Moreover, the asserted patent is invalid and unenforceable due to Jisu's intentional misrepresentation of its status as a micro entity to the U.S. Patent and Trademark Office ("USPTO") in order to obtain discounted fees to which it was not entitled.

1

33599916.1

Plaintiff filed its Complaint under seal and sought from the Court a bevy of expedited and *ex parte* relief that would otherwise be improper in an ordinary patent-infringement lawsuit. This relief, granted under false pretenses, has significantly debilitated Honghao's business.

Honghao now seeks to vacate the improperly granted *ex parte* TRO and to seek an increase in the bond that must be posted to compensate Honghao for damages it suffered during the pendency of the granted injunctive relief. It also opposes Plaintiff's motion for a preliminary injunction on the same grounds as its motion to vacate. As shown below, Plaintiff cannot make the required "clear showing" that it is likely to succeed on the merits, as Honghao does not infringe and the asserted patent is invalid and unenforceable, issues the Court could not fully consider during the *ex parte* briefing for the TRO. Without the required likelihood of success on the merits, no basis exists for imposition of either a temporary restraining order or a preliminary injunction. And because Honghao has suffered considerable economic losses due to that order, the amount of bond required from Plaintiff should be increased to $ 200,000 to better cover those losses.

**II.     LEGAL STANDARD**

Courts have "wide discretion" to modify an injunction based on new facts. *See System Federation No. 91, Ry. Emp. Dept., AFLCIO v. Wright*, 364 U.S. 642, 647 (1961); *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 627 (7th Cir. 2007) (stating that "any injunction issued by a court of equity is itself subject to later modification").

As the Seventh Circuit has stated repeatedly, a temporary restraining order or a preliminary injunction is "an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it." *Orr v. Shicker*, 953 F.3d 490, 501 (7th Cir. 2020). To obtain such drastic relief, the party seeking the relief must carry the burden of persuasion by a "clear showing." *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). In this circuit, "[t]he standards for a temporary

33599916.1

restraining order and the standards for a preliminary injunction are identical." *See, e.g.*, *Charter Nat'l Bank & Trust v. Charter One Fin., Inc.*, No. 1:01-cv-00905, 2001 WL 527404, *1 (N.D. Ill. May 15, 2001) (citations omitted). Therefore, when considering a motion for temporary restraining order, the Court must employ the same test as a request for a preliminary injunction: the plaintiff has the burden to show (1) a likelihood of success on the merits; (2) irreparable harm; and (3) that the balance of the equities and the public interest favors emergency relief. Fed. R. Civ. P. 65(b)(1)(A); *see also Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008). The Court then weighs these factors in a "sliding scale" approach where the less likely the plaintiff will succeed on the merits, the more the balance of harms must weigh in the plaintiff's favor. *See Valencia v. City of Springfield*, 883 F.3d 959, 966 (7th Cir. 2018). And "[w]here appropriate, this balancing process should also encompass any effects that granting or denying the preliminary injunction would have on nonparties (something courts have termed the 'public interest')." *Id.* Finally, to obtain an *ex parte* temporary restraining order, "the plaintiff must show that the immediate irreparable injury 'will result to the movant before the adverse party can be heard in opposition' and that notice to the defendant should not be required." *Deckers Outdoor Corp. v. Partnerships & Unincorporated Associations Identified on Schedule A*, No. 13 C 07621, 2013 WL 12314399, at *1 (N.D. Ill. Oct. 31, 2013) (citing Fed. R. Civ. P. 65(b)(1)(A), (B)).

### III.  ARGUMENT

#### A.  The Temporary Restraining Order and Preliminary Injunction are Unwarranted Because Honghao Raises a "Substantial Question" of Noninfringement, so Plaintiff Cannot Make a "Clear Showing" of Likelihood of Success on the Merits

The Court's April 18, 2024 TRO severely hampered Honghao's lawful business activities by enjoining Honghao's sales through its merchant platform, Amazon.com, and imposing a prejudgment asset restraint. This order was imposed *ex parte*, without the Court considering

3

33599916.1

Honghao's adversarial briefing that would point out how Plaintiff could not meet its burden of providing a "clear showing" that it was likely to succeed on the merits.

To establish a basis for the extraordinary remedy of a temporary restraining order, the Plaintiff must, among other things, demonstrate a reasonable likelihood of success on the merits, not simply a "better than negligible" chance of success. *See Mays v. Dart*, 974 F.3d 910, 822 (7th Cir. 2020). "A preliminary injunction should not issue if the accused infringer 'raises a substantial question concerning either infringement or validity.'" *Metalcraft of Mayville, Inc. v. The Toro Co.*, 848 F.3d 1358, 1364 (Fed. Cir. 2017) (citing *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1350 (Fed. Cir. 2001)).

Here, both a temporary restraining order and a preliminary injunction are inappropriate because Honghao raises a "substantial question concerning infringement" below, thus depriving Plaintiff of any chance of making a "clear showing" it will succeed on the merits. Honghao is accused of infringing only the claimed design in U.S. Pat. No. D886,982, a simple design patent for a folding fan. The figures of the claimed design are:

33599916.1



FIG. 1  FIG. 2  FIG. 3  FIG. 4

FIG. 5  FIG. 6  FIG. 7  FIG. 8

33599916.1



FIG. 9     FIG. 10     FIG. 11

FIG. 12     FIG. 13     FIG. 14     FIG. 15

33599916.1



FIG. 16  FIG. 17  FIG. 18

FIG. 19  FIG. 20

33599916.1

According to the figures, when the fan is in the folded state, the overall shape of the claimed design resembles a cylinder with rounded ends, having two round hinge caps on opposite sides of the cylinder and a flat, round surface with a circular mark on one of the rounded ends. In contrast, none of these features are present in the accused product. The following chart highlights some of the most apparent distinctions to the eye of an ordinary observer.

33599916.1





An ordinary observer would certainly not find that the accused product is "substantially similar" to the claimed design at a minimum because of these clear distinctions. As such, Plaintiff cannot make a "clear showing" of likelihood of success on the merits.

**B.     The Temporary Restraining Order and Preliminary Injunction are Unwarranted Because Honghao Raises a "Substantial Question" of Patent Validity, so Plaintiff Cannot Make a "Clear Showing" of Likelihood of Success on the Merits**

Here, Plaintiff cannot show it is likely to succeed on the merits because Plaintiff's patent is almost certainly invalid as being anticipated by prior art to the extent that Plaintiff claims infringement of its sole claim by the accused product. "If the claimed invention was 'described in a printed publication' either before the date of invention, 35 U.S.C. § 102(a), or more than one year before the U.S. patent application was filed, 35 U.S.C. § 102(b), then that prior art anticipates the patent. . . . To anticipate a claim, a single prior art reference must expressly or inherently disclose each claim limitation." *Finisar Corp. v. DirecTV Group, Inc.*, 523 F.3d 1323, 1334 (Fed. Cir. 2008).

10

33599916.1

Here Honghao "raises a substantial question concerning . . . validity," rendering the TRO and preliminary injunction inappropriate because Plaintiff cannot make a "clear showing" it will succeed on the merits.

The application of the asserted patent U.S. D886,982 was filed on April 24, 2019, claiming priority to Chinese Design Patent Application No. 201830691056, filed on December 2, 2018. *See* Ex. A at 1. Therefore, the earliest possible priority date of the asserted patent is December 2, 2018, the filing date of the Chinese priority application. The claimed design of the asserted patent, however, was disclosed in Chinese Design Patent No. CN304477734S issued on January 26, 2018 (*see* Ex. B at 1), which is before the earliest possible priority date of the asserted patent, and thus qualifies as prior art. CN304477734S also discloses a foldable fan that has the same round hinge caps as those in the claimed design of the asserted patent. *See id.* at 1-3. Further, the fan blade design of CN304477734S is almost identical to that of the asserted patent. *See id*. at 2-3. The following chart highlights the striking similarities between the claim design of the asserted patent and the disclosed design in CN304477734S.



33599916.1



Almost identical blade design

12

33599916.1

Although the overall shape of the fan (when folded) disclosed in CN304477734S is not cylindrical, its shape is very similar to the accused product as shown in the chart below. Further, the openings of both designs are in the center part of the folded body. To the extent that Plaintiff claims that the asserted patent claim reads on the accused product, the asserted patent claim would necessarily also read on CN304477734S, making the asserted patent invalid as being anticipated by CN304477734S. Or at the very least, through CN304477734S, Honghao has raised a "substantial question of validity" as to the claimed design of the asserted patent, rendering inappropriate the TRO and preliminary injunction.



| Accused Product | CN304477734S |
|---|---|
| Opening in the center | |

C. **The Temporary Restraining Order and Preliminary Injunction are Unwarranted Because Honghao Raises a "Substantial Question" of Patent Validity and Enforceability, so Plaintiff Cannot Make a "Clear Showing" of Likelihood of Success on the Merits**

Plaintiff cannot show it is likely to succeed on the merits because Plaintiff's patent is invalid and unenforceable due to Plaintiff's intentional misrepresentation of its status as a micro entity to the USPTO in order to obtain discounted fees to which it was not entitled. *See Ulead Sys.,*

13

*Inc. v. Lex Computer & Mgmt. Corp.*, 351 F.3d 1139, 1146 (Fed. Cir. 2003) ("We hold that our traditional standard for inequitable conduct is applicable to PTO proceedings involving the payment of maintenance fees as a small entity...").

During the prosecution of the asserted patent, Plaintiff, naming itself as the assignee and applicant of the application of the asserted patent, claimed the micro entity status on the gross income basis. *See* Ex. C at 8 (Application Data Sheet listing the Plaintiff as the assignee and applicant); Ex. D at 1 (Official Filing Receipt listing the Plaintiff as the assignee and applicant); Ex. E (Certification of Micro Entity Status). On the Certification of Micro Entity Status form filed to the USPTO on April 22, 2019, Plaintiff certified that "[n]either the applicant nor the inventor nor a joint inventor, in the calendar year preceding the calendar year in which the applicable fee is being paid, had a gross income, as defined in section 61(a) of the Internal Revenue Code of 1986 (26 U.S.C. 61(a)), exceeding the 'Maximum Qualifying Gross Income' reported on the USPTO Web site at http://www.uspto.gov/patents/law/micro_entity.jsp which is equal to three times the median household income for that proceeding calendar year, as most recently reported by the Bureau of the Census." *Id*. On May 7, 2020, about one year after the filing date, Plaintiff again paid the micro-entity issue fee of $175, representing to the USPTO that it still qualified as the micro entity status. *See* Ex. E.

Plaintiff's gross incomes in the relevant years (2018 and 2019), however, far exceeded the Maximum Qualifying Gross Income limits, which are $184,116 and $189,537, respectively.[1] On its own website, Plaintiff touted that it enacted its overseas expansion strategy and began entering the markets of South Korea, Japan, Europe, and America in July 2018. *See* Ex. F at 4. "By the end

---

[1] *See* Prior maximum qualifying gross income limits by fee payment date table available at https://www.uspto.gov/patents/laws/micro-entity-status#Maximum%20Qualifying%20Gross%20Income.

33599916.1

of 2018, JISULIFE had brough a new qualify lifestyle experience to over 100,000 users in more than 20 countries worldwide." *Id*. On a news article published on July 20, 2022, Plaintiff posted the following chart showing the total sales of units from 2016 to 2021, in which the numbers of unit shipment in 2018 and 2019 are 2.25 million and 4 million, respectively. *See* Ex. G at 4.



Numerous other sources confirmed that Plaintiff's gross incomes in 2018 and 2019 far exceeded the Maximum Qualifying Gross Income levels. For example, on October 27, 2019, Plaintiff posted a news article touting that over 1 million units of F8 fan were sold in five days. *See* Ex. H at 7. According to Plaintiff's April 17, 2020 online posting (*see* Ex. I at 25), the unit sale price of the F8 fan is 79 Chinese Yuan (about $10 USD), which brings the Plaintiff's five-day, single-product sales total to $10 million USD. In another news article published on October 6, 2019, Plaintiff stated that it sold 1 million units of a humidifier product in 2018 (*see* Ex. J at 3), each unit selling for 49 Chinese Yuan (about $7 USD) (*see* Ex. K at 9). Thus, this single product line brought in $7 million USD sales income to the Plaintiff in 2018.

Because Plaintiff's gross income level far exceeded the Maximum Qualifying Gross Income limit required for the qualification of the micro entity status, Plaintiff's twice paying of

15

the micro entity fees in 2019 and 2020 were intentional misrepresentations of its status in order to obtain discounted fees. Thus, the asserted patent should be held invalid and unenforceable. Or at the very least, Honghao has raised a "substantial question of validity" and enforceability as to the claimed design of the asserted patent, rendering inappropriate the TRO and preliminary injunction.

> **D.     The Court Should Award Honghao the Plaintiff's Bond Posted for the Temporary Restraining Order or Award Honghao the Damages Suffered by the Order, Plus Increase the Amount of Bond Required from Plaintiff**

Plaintiff sought a TRO against Honghao that, among other things, mandated that Honghao stop selling any product that Plaintiff believes contains the patented design, froze Honghao's U.S. assets and payments, prohibited third parties (such as Amazon.com) from listing or selling Honghao products, and suspended Honghao's accounts with these third parties. Although the Court granted Plaintiff's motion, the order was based on false statements and incorrect findings made in the absence of adversarial presentation.

Thus, the TRO should have never been granted and Plaintiff should compensate Honghao for the damages that Honghao has suffered due to the improper TRO. These damages include an estimated $7,000 per day loss of revenue, the loss of Honghao's Amazon ranking, and the loss of search-engine optimization (SEO). *See* Ex. L (Declaration of Wentao Hu). Once the listing is back up at Amazon, Honghao will spend at least an additional $30,000 in advertising to try to regain its ranking and SEO positions. *See id.*

In the increasingly likely scenario that those efforts are not successful, Honghao stands to lose hundreds of thousands of dollars (and possibly over a million) in profits stemming from the improperly issued TRO and reserves its rights to recover those loses from Plaintiff. At present, the TRO required a bond of only $80,000, which is grossly inadequate to cover Honghao's damages. Thus, the Court should award Honghao the full amount of Honghao's damages: $7,000 per day that its Amazon storefront is unable to make any sales and $30,000 for the estimated amount of

16

advertising needed for Honghao's attempt to regain its lost Amazon ranking and SEO. Should further briefing on compensation be necessary, the court should immediately increase the bond amount required of Plaintiff to $200,000, to ensure that Honghao can properly recover its losses resulting from the improperly requested TRO, especially as other defendants similarly harmed by the improper TRO premised may also seek recovery.

Dated: May 16, 2024

/s/ Stephen J. Rosenfeld

Stephen J. Rosenfeld (ARDC #6216769)
Nicholas A. Kurk (ARDC #6292133)
MCDONALD HOPKINS LLC
300 North LaSalle, Suite 1400
Chicago, IL 60654
Phone: (312) 280-0111
srosenfeld@mcdonaldhopkins.com
nkurk@mcdonaldhopkins.com

Gang "Gavin" Ye (*pro hac vice* forthcoming)
Kris Y. Teng (*pro hac vice* forthcoming)
BAYES PLLC
8260 Greensboro Drive, Suite 625
McLean, VA 22102
Phone: (703) 995-9887
Fax:    (703) 821-8128
gavin.ye@bayes.law
kris.teng@bayes.law

*ATTORNEYS FOR DEFENDANT SHENZHEN HONGHAO RUIXIN TECHNOLOGY CO., LTD.*

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies, under penalty of perjury, that on this 16th day of May, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record registered to receive service in this matter via transmission of Notice of Electronic Filing generated by CM/ECF or some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

/s/     *Stephen J. Rosenfeld*