IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Shenzhen Jisu Technology Co., LTD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 24 C 2948 |
| v. | ) | |
| | ) | Judge Jorge Alonso |
| The Entities and Individuals Identified in Annex A, | ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff's motion for temporary restraining order against the newly joined defendants [112] is denied. Plaintiff's motion for contempt and sanctions [113] is denied as moot. The Court's November 13, 2024 Order [93] is vacated as to any preliminary injunction against Defendant Zhouty (No. 79), which is dissolved.

## STATEMENT

This is a "Schedule A"[1] case in which Plaintiff, Shenzhen Jisu Technology Co., LTD, claims that the defendants sell certain foldable handheld fans on various online platforms, infringing plaintiff's design patent, U.S. Patent No. D886,982 ("the '982 patent") under 35 U.S.C. § 271. The Court entered a preliminary injunction against numerous defendants, including Defendant Zhouty, although Zhouty—unlike most Schedule A defendants and most defendants in this case—appeared and opposed the motion. Plaintiff now seeks a temporary restraining order against certain newly joined defendants who are allegedly affiliated with Zhouty, as well as sanctions against Zhouty for evading the preliminary injunction entered against it. For the following reasons, the motions are denied, and the preliminary injunction against Zhouty is dissolved.

---

[1] See *Bailie v. Partnerships & Unincorporated Associations Identified on Schedule A,* No. 24 CV 2150, 2024 WL 2209698, at *1 (N.D. Ill. May 15, 2024), and *Zorro Products, Inc. v. Individuals, Corps., Ltd. Liability Cos., Partnerships, & Unincorporated Associations Identified on Schedule A Hereto*, No. 23-CV-5761, 2023 WL 8807254, at *2 (N.D. Ill. Dec. 20, 2023), for background on "the cottage industry," *BRABUS GmbH v. Individuals Identified on Schedule A Hereto*, No. 20-CV-03720, 2022 WL 7501046, at *1 (N.D. Ill. Oct. 13, 2022), of Schedule A claims in this judicial district.

## I.     Background and Procedural History

In opposing Plainitff's motion for preliminary injunction, Zhouty argued that Plaintiff had not shown a likelihood of success on its design patent infringement claim because the parties' designs are noticeably different: Zhouty's foldable fans fold to the side, rather than to the front and back, like Plaintiff's. The Court disagreed, ruling in a November 13, 2024 Order that the "overall ornamental visual impression" of the products was similar, so Plaintiff had demonstrated a likelihood of success on its design patent infringement claim. (ECF No. 93 (citing *OddzOn Prod., Inc. v. Just Toys, Inc.*, 122 F.3d 1396, 1405 (Fed. Cir. 1997).) Three weeks later, Zhouty moved for reconsideration based on a new development: "Since the earlier briefing, the USPTO issued a patent covering the design of [Zhouty's] accused product." (Zhouty's Mot. to Reconsider at 1, ECF No. 96.) Patents are presumptively valid, 35 U.S.C. § 282, and patented inventions must be novel and non-obvious, 35 U.S.C. §§ 102, 103; it follows, according to Zhouty, that the new design patent, U.S. Patent No. D1,046,104 ("the '104 patent"), could not have validly issued if a product practicing the patented design infringes Plaintiff's '982 patent. The Court denied the motion, finding no manifest error in its decision.

Plaintiff subsequently amended its complaint to add five new defendants, who it claimed were affiliated with Zhouty and were "all participating in the same operation" to sell the accused side-folding fans. (Mot. for Leave at 3, ECF No. 105.) One of these defendants, Shenzhen Maimi Electronic Technology Co., Ltd. ("Maimi"), is the manufacturer of the side-folding fans and is listed as both the "applicant" and "assignee" of the '104 patent. (*See* Zhouty's Mot. to Reconsider Ex. 1, ECF No. 96-1.) Plaintiff has now moved for a temporary restraining order against these new defendants, as well as for a finding of contempt and sanctions against Zhouty.

## II.     Analysis

> When considering a motion for temporary restraining order, the Court must employ the same test as a request for a preliminary injunction: the plaintiff has the burden to show (1) a likelihood of success on the merits; (2) irreparable harm; and (3) that the balance of the equities and the public interest favors emergency relief. Fed. R. Civ. P. 65(b)(1)(A); *see Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008). The Court then weighs these factors in what the Seventh Circuit has called a "sliding scale" approach. That is, "[t]he more likely the plaintiff is to win, the less heavily need the balance of harms weigh in his favor; the less likely he is to win, the more need it weigh in his favor." *Valencia v. City of Springfield*, 883 F.3d 959, 966 (7th Cir. 2018) (internal quotation marks omitted).

*Troogstad v. City of Chicago*, 571 F. Supp. 3d 901, 907 (N.D. Ill. 2021); *see* 11A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2951 (3d ed.).

In support of its motion for temporary restraining order, Plaintiff argues that the new defendants sell the same accused products sold by Zhouty, and they should be enjoined from doing so for the same reasons the Court entered the preliminary injunction against Zhouty. The new defendants oppose the motion, arguing, among other things, just as Zhouty argued on reconsideration, that the issuance of the '104 patent to Maimi for the side-folding fans demonstrates that they do not infringe Plaintiff's '982 patent. Plaintiff replies that the Court has already rejected this argument on reconsideration, and it should reject it again.

But there are new facts before the Court that require a different ruling. Plaintiffs' theory is that Zhouty and the new defendants are all authorized, whether as patentee, assignee, or "authorized retailer," to market and sell the side-folding fan claimed in the '104 patent. (Pl.'s Reply at 2, 3, ECF No. 126.) Zhouty's motion to reconsider did not bring this fact to the Court's attention, and indeed, according to a recent declaration, Zhouty still denies any "associat[ion]" with the two new defendants operating internet storefronts, KazeBlast or ZSLST, although the declaration does not mention whether Zhouty is associated with the other defendants. (Zhou Decl. ¶ 4, ECF No. 134.) The Court was unwilling to permit Zhouty to benefit from the issuance of the '104 patent when it appeared to the Court that, even if the patents may inexplicably overlap, Zhouty was an admitted infringer of the newly issued patent. In other words, the Court was not moved to grant Zhouty relief from the preliminary injunction merely so that it could resume stealing someone *else's* invention. Now, however, Plaintiff is contending that Zhouty and the new defendants are *authorized* to sell products covered by the '104 patent. If so, there is no basis for denying Zhouty and the new defendants any relief based on unclean hands. *Cf. FTC v. Credit Bureau Ctr., LLC*, No. 17 C 194, 2021 WL 4146884, at *9 (N.D. Ill. Sep. 13, 2021), *aff'd,* 81 F.4th 710 (7th Cir. 2023).

Thus, as the Court now understands the facts, both sides here are exercising rights to sell their foldable fans under duly issued United States design patents. As already mentioned, every patent is entitled to a presumption of validity. 35 U.S.C. § 282. And the new defendants have argued that the patents cannot both be valid if the new defendants' side-folding fans infringe Plaintiff's patent because, if so, the '104 patent would not meet the novelty requirement for patentability, 35 U.S.C. § 102. In that circumstance, the design of the '982 patent would "anticipate" the design of the '104 patent, and the latter patent would be invalid. *See Net MoneyIN, Inc. v. VeriSign, Inc.*, 545 F.3d 1359, 1369 (Fed. Cir. 2008).

Plaintiff makes a fuzzy argument about the difference between the tests for design patent infringement and invalidity for anticipation under § 102. This argument is nonsense; there is no difference. "[I]t has been well established for over a century that the same test must be used for both infringement and anticipation." *Int'l Seaway Trading Corp. v. Walgreens Corp.*, 589 F.3d 1233, 1239 (Fed. Cir. 2009). Therefore, "that which infringes, if later, would anticipate, if earlier." *Id.* (cleaned up). This is true for both utility patents and design patents. *See id.* at 1239-40.

So, if Plaintiff insists that the new defendants are liable for infringement of Plaintiff's '982 patent, then Plaintiff must also be prepared to show that the '104 patent is invalid as anticipated by it. This is a high bar. To obtain preliminary injunctive relief on a claim that requires

demonstrating the invalidity of a patent, Plaintiff must show that "it is more likely than not" that "it will be able to prove at trial, by clear and convincing evidence, that the ['104] patent is invalid." *See Titan Tire Corp. v. Case New Holland, Inc.*, 566 F.3d 1372, 1379 (Fed. Cir. 2009). Plaintiff has not even attempted to make this showing, and, as the new defendants argue, the fact that the '104 patent specifically cites Plaintiff's '982 patent as prior art is a persuasive (if not necessarily conclusive) indication that Plaintiff will be unable to do so. The '104 patent examiner did not think that the front-folding fan design claimed in the '982 patent was infringed by the side-folding fan design in the '104 patent, and the Court cannot say that it is more likely than not that Plaintiff will be able to overcome the statutory presumption that he was correct, when Plaintiff has not even hinted at how it will do so. Therefore, the Court concludes that Plaintiff has not demonstrated a likelihood of success on its design patent infringement claims, and preliminary injunctive relief is inappropriate here.

Because plaintiff has not shown a likelihood of success, the Court "need not address the other prerequisites" for injunctive relief. *See Anderson v. Jeanpierre*, No. 23-1807, 2024 WL 1478029, at *3 (7th Cir. Apr. 5, 2024) (citing *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S. of Am., Inc.*, 549 F.3d 1079, 1086 (7th Cir. 2008), *abrogated on other grounds by Nken*, 556 U.S. at 434). Plaintiff's motion for temporary restraining order is denied, and the preliminary injunction that the Court entered as to Defendant Zhouty is hereby dissolved. Plaintiff's motion for contempt and sanctions arising out of Zhouty's alleged evasion of the preliminary injunction is denied as moot, as the preliminary injunction has now been dissolved.

**SO ORDERED.** **ENTERED**: **February 28, 2025**

_____
**JORGE L. ALONSO**
**United States District Judge**